UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUYANG WENG, et al.,

       Plaintiffs,                         Hon. Jane M. Beckering

v.                                                Case No. 1:22-cv-998

NATIONAL SCIENCE FOUNDATION, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs Juyang Weng and Genisama LLC initiated the present action against the National Science Foundation (NSF), the Association for Computing Machinery (ACM), the American Association for the Advancement of Science (AAAS), Springer Nature Group, and Alphabet Inc.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this matter be dismissed without prejudice for lack of subject matter jurisdiction.

In their amended complaint, Plaintiffs invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332.  (ECF No. 16, PageID.121).  For this Court to hear a diversity action, two requirements must be satisfied.  First, the amount in controversy must be greater than $75,000.  28 U.S.C. § 1332.  Second, the parties must be "citizens of different States."  *Id.*  This requires "complete diversity such that no plaintiff is a

-1-

citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010).

Plaintiffs bear the burden to demonstrate that these two requirements are satisfied. *See, e.g, Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010) ("the party invoking federal court jurisdiction. . .has the burden of demonstrating by competent proof" that the prerequisites of diversity jurisdiction are satisfied). Plaintiffs, who are seeking one billion dollars ($1,000,000,000.00) in damages, appear to have satisfied the amount in controversy requirement. Plaintiffs have failed, however, to establish that complete diversity exists between the parties. Simply alleging that the parties are diverse is insufficient. Rather, Plaintiffs "must fully allege the citizenship of each party." *Akno 1010 Market Street St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022).

In their amended complaint (ECF No. 16), Plaintiffs failed to allege or identify the citizenship of any of the parties. The Court has an independent obligation to ensure that subject matter jurisdiction exists. *See Akno 1010*, 43 F.4th at 627. Accordingly, on March 30, 2023, the Court issued an Order to Show Cause directing Plaintiffs to show cause why this matter should not be dismissed for failure to establish that this Court has subject matter jurisdiction. (ECF No. 50). Plaintiffs were expressly warned that, if they failed to "demonstrate that jurisdiction under § 1332 is proper, the undersigned would recommend that this action be dismissed." (*Id.*). Plaintiffs' response to the

Court's Order is insufficient to establish the existence of complete diversity between the parties.

To assess whether diversity exists, Plaintiffs' citizenship must first be established. Plaintiff Weng asserts that he is a Michigan citizen. (ECF No. 51, PageID.381). As a limited liability company, Plaintiff Genisama LLC "has the citizenship of its members and sub-members." *Akno 1010*, 43 F.4th at 626. Plaintiff Weng alleges that he is the only member of Genisama LLC. (ECF No. 51, PageID.381). Thus, Genisama is considered a Michigan citizen. Complete diversity in this matter exists, therefore, so long as no Defendant is also a Michigan citizen. Because Plaintiffs have failed to adequately allege Defendants' citizenship(s), the Court cannot determine whether any Defendant is not a Michigan citizen.

Plaintiffs have sued five defendants. To understand the shortcomings in Plaintiffs' pleadings it is necessary to determine the type of entity each defendant represents.

Defendant Alphabet, Inc. appears to be a corporate entity. For diversity purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principle place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). Plaintiff's allegation that Alphabet is "headquartered" in California is not relevant. Plaintiff has failed to allege the State in which Alphabet is incorporated and, moreover, has failed to allege the State in which Alphabet has its principle place of business. By failing to properly allege these

matters, Plaintiffs have failed to establish that they are diverse from Defendant Alphabet, Inc.

The remaining four Defendants appear to be unincorporated associations of some kind. With respect to these Defendants, Plaintiff identifies where they are headquartered, located, or registered. (ECF No. 16, PageID.120-21; ECF No. 51, PageID.381-82). None of this information is presently relevant, however. Instead, "unincorporated associations do not themselves have any citizenship," rather "diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members." *Tennessee Insurance Guaranty Association v. Penguin Random House, LLC*, 271 F.Supp.3d 959, 961 (M.D. Tenn. 2017) (quoting *Carden v. Arkoma Associates*, 494 U.S. 185, 189 (1990)). Plaintiffs have failed to identify the members of these organizations, let alone allege their citizenship. Plaintiffs have failed, therefore, to establish that they are diverse from any of these Defendants.

## **CONCLUSION**

In conclusion, and for the reasons articulated herein, the Court finds that Plaintiffs have failed to satisfy their burden to demonstrate that complete diversity exists between the parties. Accordingly, the undersigned recommends that this matter be dismissed without prejudice for lack of subject matter jurisdiction. *See State by & through Tenn. Gen. Assembly*, 931 F.3d 499, 519 (6th Cir. 2019) (when a court lacks subject-matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause") (quoting *Ex parte McCardle*, 74 U.S. (7

Wall.) 506, 514, 19 L.Ed. 264 (1868)); *see also, Davis v. Colerain Township, Ohio*, 51 F.4th 164, 176 (6th Cir. 2022) (indicating that dismissal for lack of subject-matter jurisdiction is without prejudice).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                  Respectfully submitted,

Date: April 12, 2023                              /s/ Phillip J. Green
                                                    PHILLIP J. GREEN
                                                    United States Magistrate Judge