UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUYANG WENG, et al.,

    Plaintiffs,

v.

NATIONAL SCIENCE FOUNDATION, et al.,

    Defendants.
_____/

Case No. 1:22-cv-998

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Plaintiffs initiated this action on October 25, 2022.[1]  On December 27, 2022, Plaintiffs properly filed an Amended Complaint (ECF No. 16).  On April 12, 2023, the Magistrate Judge issued a Report and Recommendation, recommending that the action be dismissed pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction.  The matter is presently before the Court on Plaintiffs' three objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

---

[1] On October 28, 2022 and November 18, 2022, the Court entered two orders striking Plaintiffs' initial complaint and amended complaint because *pro se* Plaintiff Juyang Weng could not legally represent corporate Plaintiff Genisama LLC in federal court and because no attorney had made an appearance for Plaintiff Genisama LLC (*see* ECF Nos. 5 & 11).

## I. Background

Plaintiffs Juyang Weng and Genisama LLC initiated the present action against the National Science Foundation (NSF), the Association for Computing Machinery (ACM), the American Association for the Advancement of Science (AAAS), Springer Nature Group (SNG), and Alphabet, Inc., citing this Court's diversity jurisdiction under 28 U.S.C. § 1332.  On March 30, 2023, the Magistrate Judge entered an Order to Show Cause requiring Plaintiffs to show that diversity jurisdiction is proper or show cause why the matter should not be dismissed (ECF No. 50).  The Magistrate Judge stated that, while the amount in controversy requirement appeared to be met, Plaintiffs' allegations failed to establish that the parties were diverse (*id.* at PageID.379).  Plaintiffs filed a response to the show cause order (ECF No. 51 at PageID.381–382).  In the Report & Recommendation, the Magistrate Judge found that Plaintiffs' response was insufficient to establish complete diversity between the parties, as required by 28 U.S.C. § 1332, and that Plaintiffs failed to allege the citizenship of the five entity Defendants against whom they have brought suit (R&R, ECF No. 52 at PageID.430–432).  Accordingly, the Magistrate Judge recommends dismissal of the action (*id.* at PageID.432).

## II. Diversity Jurisdiction

In Plaintiffs' first objection to the Report and Recommendation, they argue that the Magistrate Judge erred with respect to ACM and AAAS because "[t]he rule of 'citizenship of all the members' does not apply" to these Defendants because "this action is not a direct action against the insurer of a policy or contract of liability insurance" (Pls. Obj., ECF No. 55 at PageID.451–452, ¶¶ 26–27).  Plaintiffs' argument represents a misunderstanding of the Magistrate Judge's conclusion that AMC and AAAS are unincorporated associations which have the citizenship of each of their members under *Tennessee Insurance Guaranty Association v. Penguin Random*

2

*House, LLC*, 271 F.Supp.3d 959, 961 (M.D. Tenn. 2017), *accord Carden v. Arkoma Associates*, 494 U.S. 185, 189 (1990). Specifically, as stated in *Tennessee*, "*Carden* has been read as providing 'a general rule: *every* association of a common-law jurisdiction, other than a corporation is to be treated like a partnership.' 'That rule applies without regard to the corporation-like features or other business realities of the artificial entity.'" 271 F. Supp. 3d at 962 (citations omitted; emphasis in original). Therefore, the *Carden* rule applies to AMC and AAAS despite the fact that this is "not a direct action against the insurer of a policy or contract of liability insurance." Plaintiffs' objection is properly denied.

In Plaintiffs' second objection to the Report and Recommendation, they argue that SNG "is an international company" and "has two U.S. incorporated Branches"—Springer Nature Academic Publishing, Inc. ("a citizen of Texas and New York") and Springer Nature America, Inc. ("a citizen of New York") (Pls. Obj., ECF No. 55 at PageID.452). Plaintiffs also represent that "NSF does not seem to be a citizen of any state" (*id.*). Even assuming Plaintiffs properly allege the citizenship of Springer Nature Group, and assuming NSF is a federal entity capable of being sued, Plaintiffs' objection is otherwise denied because Plaintiffs do not allege the citizenship of ACM or AAAS, as stated above.

In sum, Plaintiffs have not shown that complete diversity of citizenship exists, and Plaintiffs' objections on this basis are properly denied.

### III. Federal Question Jurisdiction

Last, in their objections, Plaintiffs appear to argue that federal question jurisdiction exists; however, Plaintiffs do not state any claims sufficient to establish federal question jurisdiction and their argument fails to establish that their claims present a federal question. 28 U.S.C. § 1331 provides federal question jurisdiction where a complaint states a cause of action "arising under the

3

Constitution, laws, or treaties of the United States." Cases that arise under federal law fall into two categories: (1) those cases in which federal law creates the cause of action asserted; and (2) a "special and small category" of cases "in which state law provides the cause of action but the claim nevertheless 'arises under' federal law for jurisdictional purposes." *Gearheart v. Elite Ins. Agency, Inc.*, No. cv 15-103, 2016 WL 81766, at *1 (E.D. Ky. Jan. 7, 2016) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) and *Gunn v. Minton*, 568 U.S. 251, 258 (2013)).

Plaintiffs' state claims for negligence and breach of contract against the five entity Defendants and cite "28 U.S.C. § 171 – TORT" and 41 U.S.C. § 6503 and state a claim of "unfair business practice" under 15 U.S.C. § 45 against Defendant Alphabet, Inc. (*see* Am. Compl. at PageID.132–136, 136–137). Plaintiffs do not state claims against the United States, the only proper defendant under the under the Federal Tort Claims Act (28 U.S.C. § 171). *See* 28 U.S.C. § 2679(a) and (b)(1); *Allgeier v. U.S.*, 909 F.2d 869, 871 (6th Cir. 1990). Plaintiffs do not allege that their claims arise from a "contract made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment" under 41 U.S.C. § 6503. *See* 41 U.S.C. § 6502; *Bowen v. Keys*, No. 3:20-cv-296, 2020 WL 4228160, at *3 (S.D. Miss. July 23, 2020) (dismissing claim that referenced "the public-contracts title of the federal code" where the plaintiff "ma[de] no mention of a federal public contract"); *Finnegan v. Sojourn LLC*, No. 21-cv-609, 2021 WL 1698723, at *2 (S.D. Cal. Apr. 28, 2021) ("[The p]laintiff cites 41 U.S.C. § 6503 as a basis for federal jurisdiction, but that section, which governs contracts made by an agency of the United States, is inapplicable…"). Further, "the Federal Trade Commission (FTC) Act, [15 U.S.C. § 45], does not give rise to a private right of action[.]" *Montgomery v. Kraft Foods Glob., Inc.*, No. 1:12-cv-00149, 2012 WL 6084167, at *1, n.2 (W.D. Mich. Dec. 6, 2012), *aff'd*, 822 F.3d 304 (6th Cir.

2016); *Best Choice Roofing & Home Improvement, Inc. v. Best Choice Roofing Savannah, LLC*, 446 F. Supp. 3d 258, 274 (M.D. Tenn. 2020) (same).

Moreover, Plaintiffs' argument that "[t]he nature of the claimed damages is a federal question … so that compensation and intervention are done in the federal … and international scale" (*see* Pls. Obj., ECF No. 55 at PageID.448, ¶ 12), is insufficient to establish federal question jurisdiction. *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 269 (6th Cir. 2007) ("Under the 'well-pleaded complaint rule,' the presence of federal jurisdiction turns on whether 'a plaintiff's properly pleaded complaint presents a federal question on its face.'") (citation omitted).[2]

In sum, Plaintiffs have not shown that federal question jurisdiction exists, and Plaintiffs' objection on this basis is properly denied. Accordingly, dismissal of the action for lack of subject matter jurisdiction is appropriate.[3]

---

[2] Plaintiffs have not shown that the purported negligence or breach of contract claims raise a substantial federal question. *See, e.g.*, *Gearheart*, 2016 WL 81766, at *2 (finding that court lacked subject matter jurisdiction over negligence and breach of contract claims and stating: "Congress has never enacted an all-purpose code governing negligence or breach of contract (at least as between private parties). Indeed, [the plaintiff]'s claims for negligence and breach of contract are textbook examples of causes of action created by state law, not federal law.") (citing *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 711–12 (6th Cir. 2012)); *see also, e.g.*, *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (rejecting the argument that a breach-of-contract claim raised a substantial federal question even though it sought to "vindicate a contractual right contemplated by a federal statute"); *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 708 (6th Cir. 2012) (rejecting the argument that a state-law claim raised a substantial federal question even though it required a court to interpret a federal statute).

[3] Without subject-matter jurisdiction, this Court lacks power to either consider the merits of Plaintiffs' claims or issue any order. *See Bell v. Hood*, 327 U.S. 678, 682 (1946) (explaining that motion to dismiss for failure to state a claim may be decided only after establishing subject-matter jurisdiction because determination of the validity of the claim is, in itself, an exercise of jurisdiction); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (stating that a "Rule 12(b)(6) challenge becomes moot if th[e] court lacks subject-matter jurisdiction"); *U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1087 (6th Cir. 1992) (explaining that where a district court lacks subject-matter jurisdiction, its orders are "void"). Therefore, the pending motions to dismiss (ECF Nos. 17, 20, 57, & 63), as well as ACM's motion to seal documents (ECF No. 44), are dismissed as moot.

## IV.  Conclusion

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 55) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 52) is APPROVED and ADOPTED as the Opinion of the Court.


Dated:  May 22, 2023                                                      /s/ Jane M. Beckering
                                                                                    JANE M. BECKERING
                                                                                    United States District Judge